ROUTH CRABTREE OLSEN, P.S.
3535 FACTORIA BLVD. SE, SUITE 200
BELLEVUE, WA 98006
TELEPHONE    (425) 458-2121
FACSIMILE    (425) 458-2131

Honorable Judge Thomas T. Glover
Hearing Location: Marysville
Hearing Date: July 29, 2009
Hearing Time: 9:30 am
Response Date: July 22, 2009

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

IN RE:

RICKY B FOSTER AND
DENISE M FOSTER

DEBTORS.

**CHAPTER 7 BANKRUPTCY**

**NO.: 09-13500-TTG**

**MOTION FOR RELIEF FROM STAY BY JPMORGAN CHASE BANK, N.A.**

## I. Introduction

COMES NOW, JPMorgan Chase Bank, N.A. its successors in interest, agents, assigns and assignors ("Creditor") and moves this court for an order terminating the automatic stay, allowing Creditor to proceed with and complete any and all contractual and statutory remedies incident to its security interests held in real property commonly described as 16620 34TH ST NE, SNOHOMISH, Washington 98290 ("Property"), and legally described as set forth in the Deed of Trust attached as an Exhibit to the affidavit on file with the court. Creditor further seeks relief in order to, at its option, offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement and to contact the Debtor via telephone or written correspondence to offer such an agreement, which shall be non-recourse unless included in a reaffirmation agreement. Creditor further moves that, absent objection, the provisions of F.R.B.P. 4001(a)(3) be waived to avoid further deterioration of Creditor's secured position.

Motion For Relief From Stay
Page - 1

ROUTH CRABTREE OLSEN, P.S.
3535 FACTORIA BLVD. SE, SUITE 200
BELLEVUE, WA 98006
TELEPHONE (425) 458-2121 ⬥ FACSIMILE (425) 458-2131

Case 09-13500-TTG    Doc 17    Filed 06/29/09    Entered 06/29/09 22:54:06    Page 1 of 6

## II. Jurisdiction

This court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2)(G). This case relates to a case under Title 11 of the United States Code. This proceeding is defined as a "core proceeding" as that is defined in the Code.

## III. Standing

Under 11 U.S.C. § 362, a party seeking relief from stay must be a "party in interest." To establish that Creditor is a "party in interest", a creditor must establish that it has at least a colorable claim to the property that is the subject of the motion. In the case at bar, Creditor's claim is based on the Note and Deed attached to the Affidavit and on file with the court. Creditor's interest in the Note and Deed is described below.

The Deed acts as the security for the Borrower's payment on the Note. The Deed is recorded with the county in which the property is situated as evidence of the debt described in the Note for the benefit of any subsequent parties that may take an interest in the property described.

The Note is a negotiable instrument as that term is defined by RCW § 62A.3-104. Under the terms of the Note, Borrower is obligated to pay the instrument according to its terms at the time it was issued. Creditor is entitled to enforce the note under R.C.W. § 62A.3-301.

Under RCW § 62A.3-301(i), the holder of a negotiable instrument is entitled to enforce that instrument. The term "holder" includes the person in possession of a negotiable instrument that is payable to a bearer that is in possession. RCW § 62A.1-201. A note not indorsed to a particular payee is a note "Indorsed in Blank." A note Indorsed in Blank is payable to the bearer and may be transferred by possession alone. RCW § 62A.3-205. The transfer of a note secured

Motion For Relief From Stay
Page - 2

ROUTH CRABTREE OLSEN, P.S.
3535 FACTORIA BLVD. SE, SUITE 200
BELLEVUE, WA 98006
TELEPHONE (425) 458-2121 ♦ FACSIMILE (425) 458-2131

Case 09-13500-TTG    Doc 17    Filed 06/29/09    Entered 06/29/09 22:54:06    Page 2 of 6

by a deed of trust carries with it the security agreement as incident. See *Spencer v. Alki Point Transportation Company*, 53 Wash. 77, 101 P. 509 (Wash. 1909).

In the case at bar, the Note, together with the Affidavit accompanying this motion, establish that Creditor is the holder of note indorsed in blank and is thus entitled to enforce the Note and foreclose on the deed of trust. Therefore, Creditor has standing to bring this motion.

### IV. Parties in Interest

On or about February 23, 2007, RICKY B FOSTER and DENISE M FOSTER ('Borrower' collectively hereafter), executed a Deed of Trust in favor of Washington Mutual Bank securing a Note with an original principal amount of $80,000.00.

The indebtedness under the note is secured by a deed of trust recorded against the Property.

Ricky B Foster and Denise M Foster ('Debtor' collectively hereafter) filed for protection under Chapter 7 of Title 11 of the United States Code on April 13, 2009.

Foreclosure is pending but on information and belief the sale date has not yet been set.

### V. Default

Debtor is in default pursuant to the terms of the note for failure to make the required payments. Payments are credited as last received to first due. Creditor's loan status reflects payments now owing due after December 28, 2008. The following is a breakdown of the default:

| Date of Contractual Payments | Amount | Total |
|---|---|---|
| December 28, 2008 | $124.22 | $124.22 |
| January 28, 2009 | $240.99 | $240.99 |
| February 28, 2009 | $220.27 | $220.27 |
| March 28, 2009 | $198.96 | $198.96 |
| April 28, 2009 | $220.27 | $220.27 |
| May 28, 2009 | $206.66 | $206.66 |
| **Total Default** | | **$1,211.37** |

Motion For Relief From Stay
Page - 3

ROUTH CRABTREE OLSEN, P.S.
3535 FACTORIA BLVD. SE, SUITE 200
BELLEVUE, WA 98006
TELEPHONE (425) 458-2121 ⬥ FACSIMILE (425) 458-2131

Case 09-13500-TTG    Doc 17    Filed 06/29/09    Entered 06/29/09 22:54:06    Page 3 of 6

These figures are an estimate only and are subject to change as additional fees are incurred and payments are made or become due, including but not limited to the attorney fees and costs incurred as a result of the filing of this motion. Please contact Creditor's counsel directly for a reinstatement quote.

## VI. Estimate of Obligation

The approximate amount owed under the terms of the note is $79,801.00. The following is an itemization of this approximate amount:

| | |
|---|---:|
| Principal Balance | $79,801.00 |
| Accrued Interest | $1,489.11 |
| **Total Due** | **$79,801.00** |

This total is an approximation of the lien. This estimate is provided only for the purposes of this motion and cannot be relied upon for any other purpose, including tender of payoff. An exact, itemized payoff figure will be obtained from Creditor upon written request to counsel for the Creditor.

Other liens encumbering the Property include a scheduled debt in favor of Washington Mutual with an approximate balance owed of $152,000.00.

Debtor has indicated, in the filed statement of intent, that the Property will be surrendered to Creditor.

Motion For Relief From Stay
Page - 4

ROUTH CRABTREE OLSEN, P.S.
3535 FACTORIA BLVD. SE, SUITE 200
BELLEVUE, WA 98006
TELEPHONE (425) 458-2121 ⬥ FACSIMILE (425) 458-2131

Case 09-13500-TTG    Doc 17    Filed 06/29/09    Entered 06/29/09 22:54:06    Page 4 of 6

## VII. Value of the Property

Debtor's sworn schedules value the Property at $225,000.00.

## VIII. Authority

Under 11 U.S.C § 362(d)(2), a Court shall terminate, annul, modify or condition the stay if the debtor has no equity in the Property and the Property is not necessary for an effective reorganization. In the case at bar, the value of encumbrances, including all liens and costs of liquidation, together with available exemptions, exceed the value of the property such that there is no equity available for the estate. Because the Debtor has chosen to liquidate under Chapter 7 of the Bankruptcy Code, the granting of an Order on Relief from Stay will not adversely affect the prospects of reorganization.

Under 11 U.S.C. § 362(d)(1), cause to terminate the automatic stay exists in Debtor's continued failure to make payments towards the obligation. In this case Debtor has failed to make the required payments as due under the terms of the note and thus there is cause to lift the stay.

## IV. Conclusion

THEREFORE, Creditor requests this Court enter an order terminating the automatic stay pursuant to 11 U.S.C. § 362 and that Creditor be allowed to immediately proceed with and complete any and all contractual and statutory remedies incident to the security interests held in the Property.

Motion For Relief From Stay
Page - 5

ROUTH CRABTREE OLSEN, P.S.
3535 FACTORIA BLVD. SE, SUITE 200
BELLEVUE, WA 98006
TELEPHONE (425) 458-2121 ◆ FACSIMILE (425) 458-2131

Case 09-13500-TTG    Doc 17    Filed 06/29/09    Entered 06/29/09 22:54:06    Page 5 of 6

1     DATED this ___29th___ day of __June____, 2009.

2                               **ROUTH CRABTREE OLSEN, P.S.**

4                           By: ___/s/ Melissa Williams WSBA 40644___
                                James K. Miersma, WSBA# 22062
                                Attorneys for JPMorgan Chase Bank, N.A.

Motion For Relief From Stay
Page - 6

ROUTH CRABTREE OLSEN, P.S.
3535 FACTORIA BLVD. SE, SUITE 200
BELLEVUE, WA 98006
TELEPHONE (425) 458-2121 ◆ FACSIMILE (425) 458-2131

Case 09-13500-TTG   Doc 17   Filed 06/29/09   Entered 06/29/09 22:54:06   Page 6 of 6